UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:00CR547 CDP |
| | ) | Case No. 4:01CR180 CDP |
| GARRETT PARKER, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Defendant Garrett Parker, through appointed counsel, filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), seeking to benefit from retroactive Sentencing Guidelines Amendment 782, which reduced the guidelines range for many drug offenses. The Probation Office filed a report indicating that Parker was not eligible for a reduction because the sentence he originally received was a variance from the guidelines and was below his new guidelines range. The government opposes the motion for reduction for the same reason. I agree that Parker is not eligible for a reduction in sentence because his sentence is below the new guidelines range, so I will deny his motion.

## Discussion

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c)(2) of Title 18 provides authority for the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." In Amendment 782 the United States Sentencing Commission lowered many drug sentencing ranges. The Sentencing Commission determined that the reduction should apply retroactively, and added Amendment 782 to the list of retroactive amendments in U.S.S.G. § 1B1.10(d). Thus, many defendants previously sentenced for drug crimes are eligible for reduced sentences. Unfortunately for Mr. Parker, he is not one of them.

These two cases were consolidated for sentencing purposes, and on January 24, 2002 I sentenced defendant Parker to concurrent terms of 210 months imprisonment in each case. His sentencing guidelines range had been 292 to 365 months. I varied from the guidelines range and sentenced him to 210 months imprisonment. Under Amendment 782, his new guidelines range is 262 to 327 months.

Even though Amendment 782 lowered the applicable guidelines range applicable to Parker, I cannot reduce his sentence, because the sentence he received

originally is below the amended guidelines range.  U.S.S.G. § 1B1.10(b)(2)(A) prohibits reducing a sentence in this situation:  " . . . the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range . . ."  Because any reduction from the sentence already imposed would be below the new range, defendant is not eligible for a reduction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reduce his sentence [#843] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2015.